# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBIN M. LEE,                     )<br>                                             )<br>            Plaintiff,             )<br>                                             )<br>vs.                                    )<br>                                             )<br>BANK OF HAWAII, *et al.*,     )<br>                                             )<br>            Defendants.       )<br>_____ ) | Case No. 2:14-cv-00161-JAD-GWF<br><br>**ORDER**<br><br>Application to Proceed *in Forma Pauperis* (#4) and Complaint (#1-1) |

This matter comes before the Court on Plaintiff Robin M. Lee's ("Plaintiff") Amended Application to Proceed *in Forma Pauperis* (#4), filed on June 30, 2014.

## BACKGROUND

Plaintiff brings this action in Federal Court pursuant to diversity of citizenship. As the Court understands Plaintiff's allegations, he brings this suit against Defendants Bank of Hawaii, CEO Peter Ho, and others associated with Bank of Hawaii for wrongfully closing his checking account, which caused his arrest. *See Dkt. #1*. Plaintiff alleges that around December 2011, he notified a representative at Bank of Hawaii that at least three of his checks were stolen, forged and cashed out of Plaintiff's account in the amount of $2,800. *Id*. Plaintiff allegedly filed a police report with the Las Vegas Metropolitan Police Department, which he faxed to Bank of Hawaii. *Id*. Plaintiff asserts that Loss Prevention intervened, and despite an alleged verbal acknowledgment that the signatures on the forged checks did not match Plaintiff's signature, his money was never refunded. *Id*. Upon the bank manager's suggestion, Plaintiff states he opened a Chase banking account in Las Vegas, Nevada on January 12, 2012. *Id*. Plaintiff then allegedly ordered a transfer in excess of $8,000 from his Bank of Hawaii account into his Chase banking account to cover

checks he had written in the amount of $8,675.  *Id*.  The checks were returned unpaid.  *Id*.  Plaintiff alleges he had $9,000 in his Bank of Hawaii account and called a representative to inquire as to why the transfer did not go through.  The representative informed Plaintiff that his checking account had been closed and the remaining balance was sent to Plaintiff.  He acknowledges receipt of a letter from Bank of Hawaii stating his account had been closed and receipt of a refund check for $2,400 prior to his request to transfer funds.  *Id*.  Plaintiff, however, alleges that as a result of Bank of Hawaii's actions, he was arrested for two class B felonies punishable by up to 10 years in prison.  *Id*.  He is requesting $514,175.00 in damages.  *Id*.

## DISCUSSION

### I.  Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.  Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.     Plaintiff's Complaint**

Federal Courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. §1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Though not specifically plead, Plaintiff appears to be a resident of Las Vegas, Nevada and Defendants appear to be residents of and a business incorporated in Hawaii. Mr. Lee is requesting $514,175.00 in damages. After review of Plaintiff's complaint, the Court finds Plaintiff has not plead sufficient facts to establish the amount in controversy to grant diversity of citizenship jurisdiction.

The Court must look to the legal certainty test regarding the amount in controversy for purposes of determining diversity of citizenship jurisdiction in Federal Court. The legal certainty test was established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). It states that if the Federal Court finds by a legal certainty that the amount in controversy is not met, the court does not have jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938) (finding that if it is legally certain from the face of the pleadings that the plaintiff cannot recover the jurisdictional amount and that the plaintiff's claim was colorable for the purpose of conferring jurisdiction, then the court shall dismiss the suit for lack of jurisdiction); *see also In Jones v. Unknown Employees of Kerrville Bus Line*, 281 Fed. App'x 386, 387 (5th Cir. 2008) (finding that just because a plaintiff claims a certain amount to meet the amount in controversy for purposes of diversity of citizenship jurisdiction, does not mean the court cannot challenge the amount).

In *Jones*, the plaintiff alleged $1,000,000 in damages after the defendant bus company missed its scheduled pick-up time and allegedly left plaintiff exposed in the elements. *Id*. Plaintiff alleged a claim of mental anguish to meet the amount in controversy, however, the court found that the plaintiff failed to plead facts to justify his claim. Furthermore, in *Hot-Hed v. Safe House Habitats, Ltd.*, 2007 WL 556862 (S.D. Tex. 2007), the court held that plaintiff's mere request for punitive damages was not necessarily enough to make it facially apparent that the jurisdictional amount was met absent some showing that the plaintiff may recover punitive damages.

Here, Plaintiff alleges a claim, presumably for breach of contract, calculating damages in the amount of $14,175.00. Plaintiff's alleged damages are clearly insufficient to state a claim for federal jurisdiction based on diversity of citizenship. Plaintiff then goes on to aver a claim for punitive damages in the amount of $500,000. Similar to *Jones*, Plaintiff's request for punitive damages meets the amount in controversy limit, however, he failed to plead facts to establish the potential of an award for punitive damages. In Hawaii, punitive damages may be awarded only in cases where the wrongdoer has acted wantonly or oppressively with such malice as implies a spirit of mischief or criminal indifference to civil obligations. *See Kang v. Harrington*, 587 P.2d 285, 291 (Haw. 1978); *see also Masaki v. Gen. Motors Corp.*, 780 P.2d 10, 82 (Haw. 1989). Plaintiff failed to allege that the Defendants acted in a wantonly or oppressive manner that would justify incurring an award of punitive damages. Furthermore, if Nevada law governs this action, its law does not permit punitive damages for tortious breach of contract. *See* Nev. Rev. Stat. § 42.005; *see also Clark v. Lubritz*, 944 P.2d 861 (Nev. 1997).

The Court therefore finds that it is legally certain from the face of the pleadings that Plaintiff cannot recover the jurisdictional amount and that Plaintiff's claim for punitive damages is not sufficient for the purpose of conferring jurisdiction. The Court will grant Plaintiff leave to amend his Complaint in accordance with the above discussion. In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). If Plaintiff elects to file an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Federal Detention Center Honolulu shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #47043-048), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Federal Detention Center, 351 Elliott Street, Honolulu, HI 96819.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed**, without prejudice, for lack of jurisdiction.  Plaintiff shall have thirty (30) days from the date this order is entered to file an amended complaint curing the deficiencies discussed above.  Failure to do so may result in Plaintiff's claim being dismissed for failing to comply with the Court's order pursuant to Rule 41(b).

DATED this 3rd day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge