1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBIN M. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-00161-JAD-GWF |
| | ) | |
| vs. | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS** |
| BANK OF HAWAII, *et al.*, | ) | |
| | ) | Amended Complaint (#7) |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on the screening of Plaintiff Robin M. Lee's ("Plaintiff") Amended Complaint (#7), filed on August 6, 2014.

## BACKGROUND

Plaintiff brings this action in Federal Court pursuant to diversity of citizenship.  As the Court understands Plaintiff's allegations, he brings this suit against Defendants Bank of Hawaii, CEO Peter Ho, and others associated with Bank of Hawaii for wrongfully closing his checking account and failing to reimburse him a proper credit, which he alleges caused his arrest. *See Dkt. #7*.  Plaintiff specifically alleges that around December 2011, he notified a representative at Bank of Hawaii that at least three of his checks were stolen, forged and cashed out of Plaintiff's account in the amount of $2,500.  *Id*.  Plaintiff allegedly filed a police report with the Las Vegas Metropolitan Police Department, which he faxed to Bank of Hawaii.  *Id*.  Plaintiff indicated that Loss Prevention intervened, and despite an alleged verbal acknowledgment that the signatures on the forged checks did not match Plaintiff's signature, his money was never refunded.  *Id*.  Instead, the Defendant allegedly informed Plaintiff over the telephone that his account was closed and that the matter was no longer with the branch manager.  *Id*.  Upon the bank manager's suggestion, Plaintiff states he

opened a Chase banking account in Las Vegas, Nevada on January 12, 2012. *Id*.  Plaintiff then allegedly ordered a transfer in excess of $8,000 from his closed Bank of Hawaii account into his Chase banking account to cover checks he had written in roughly the amount of $8,400. *Id*.  The checks were returned unpaid. *Id*.  Plaintiff alleges he had $9,000 in his Bank of Hawaii account and called a representative to inquire as to why the transfer did not go through.  The representative informed Plaintiff that his checking account had been closed and the remaining balance was sent to Plaintiff.  He acknowledges receipt of a letter from Bank of Hawaii stating his account had been closed and receipt of a refund check for $2,400. *Id*.  Plaintiff alleges, however, that the bank failed to refund at least $9,000.00 that he believes was in his savings account when the account was closed. *Id*. Plaintiff alleges that as a direct result of Bank of Hawaii's negligent and malicious actions in wrongfully closing his account and failing to refund his money, he was subjected to two felony arrests in which he was incarcerated for 85 days due to his inability to repay the Freemont Hotel & Casino for his $2,500 marker. *Id*.  He is requesting $15,440.00 in returned check fees owed to Chase Bank and $500,000.00 in punitive damages. *Id*.

## DISCUSSION

### I.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted

2

1   by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When a court dismisses a complaint

2   under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to

3   curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

4   not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5         **A.**     **Plaintiff's Complaint**

6         Federal Courts are courts of limited jurisdiction.  Pursuant to 28 U.S.C. §1332, federal

7   district courts have original jurisdiction over civil actions in diversity cases "where the matter in

8   controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

9   different states."  Though not specifically plead, Plaintiff appears to be a resident of Las Vegas,

10  Nevada incarcerated in Honolulu, Hawaii and Defendants appear to be residents of and a business

11  incorporated in Hawaii.  Mr. Lee is requesting  $15,440.00 in returned check fees owed to Chase

12  Bank and $500,000.00 in punitive damages.  After review of Plaintiff's complaint, the Court finds

13  Plaintiff has not plead sufficient facts to establish the amount in controversy to grant diversity of

14  citizenship jurisdiction.

15        The Court must look to the legal certainty test regarding the amount in controversy for

16  purposes of determining diversity of citizenship jurisdiction in Federal court.  The legal certainty

17  test was established by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303

18  U.S. 283 (1938).  It states that if the Federal court finds by a legal certainty that the amount in

19  controversy is not met, the court does not have jurisdiction. *See St. Paul Mercury Indemnity Co. v.*

20  *Red Cab Co.*, 303 U.S. 283, 288-90 (1938) (finding that if it is legally certain from the face of the

21  pleadings that the plaintiff cannot recover the jurisdictional amount and that the plaintiff's claim

22  was colorable for the purpose of conferring jurisdiction, then the court shall dismiss the suit for lack

23  of jurisdiction); *see also In Jones v. Unknown Employees of Kerrville Bus Line*, 281 Fed. App'x

24  386, 387 (5th Cir. 2008) (finding that just because a plaintiff claims a certain amount to meet the

25  amount in controversy for purposes of diversity of citizenship jurisdiction, does not mean the court

26  cannot challenge the amount).

27  . . .

28  . . .

1   In *Jones*, the plaintiff alleged $1,000,000 in damages after the defendant bus company

2   missed its scheduled pick-up time and allegedly left plaintiff exposed in the elements.  *Id*.  Plaintiff

3   alleged a claim of mental anguish to meet the amount in controversy, however, the court found that

4   the Plaintiff failed to plead facts to justify his claim.  Furthermore, in *Hot-Hed v. Safe House*

5   *Habitats, Ltd*., 2007 WL 556862 (S.D. Tex. 2007), the court held that plaintiff's mere request for

6   punitive damages was not necessarily enough to make it facially apparent that the jurisdictional

7   amount was met absent some showing that the plaintiff may recover punitive damages.

8   Here, Plaintiff fails to indicate under what cause of action he is bringing his present claim.

9   He is alleging that the Defendants, all affiliates of the Bank of Hawaii, wrongfully closed his

10   banking account and failed to refund the appropriate funds, which caused his arrest.  Considering

11   that Defendant Bank of Hawaii's duty to Plaintiff was presumably based on a contractual agreement

12   between the parties, the Court could presume Plaintiff is suing for breach of contract, calculating

13   damages in the amount of $15,440.00. for unreturned funds.  Plaintiff's alleged damages are clearly

14   insufficient to state a claim for federal jurisdiction based on diversity of citizenship.  Plaintiff then

15   goes on to aver a claim for punitive damages  in the amount of $500,000.  Similar to *Jones*,

16   Plaintiff's request for punitive damages meets the amount in controversy limit, however, he failed

17   to plead facts to establish the potential of an award for punitive damages.  Under Hawaii law, it has

18   long been settled that punitive damages are not recoverable for breach of contract.  *See Francis v.*

19   *Lee Enterprises, Inc.*, 89 Hawaii 234, 241, 971 P.2d 707 (1999); *see also Matsuda v. Wada*, 101

20   F.Supp.2d 1315, 1325 (D.Hawaii 1999).  Furthermore, if Nevada law governs this action, its law

21   does not permit punitive damages for tortious breach of contract.  *See* Nev. Rev. Stat. § 42.005; *see*

22   *also Clark v. Lubritz*, 944 P.2d 861 (Nev. 1997).  Without the prospect of an award of punitive

23   damages, Plaintiff's complaint fails to invoke diversity of citizenship jurisdiction and cannot be

24   brought in a Federal Court.

25   In the alternative, punitive damages could potentially be awarded under a negligence cause

26   of action, however, Plaintiff failed to allege facts that would justify an award of punitive damages.

27   Under Nevada law, in order to recover punitive damages, a plaintiff must show the defendant acted

28   with oppression, fraud or malice.  *See Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*,

4

863 F.Supp. 1237, 1250 (D.Nev. 1994).  Oppression is a conscious disregard for the rights of others constituting cruel and unjust hardship.  *See Pioneer Chlor Alkali Co.,* 863 F.Supp. at 1251.  Malice is conduct which in intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights and safety of others.  *See* NRS § 42.005(1).  Similarly, in Hawaii, punitive damages may be awarded only in cases where the wrongdoer has acted wantonly or oppressively with such malice as implies a spirit of mischief or criminal indifference to civil obligations.  *See Kang v. Harrington*, 587 P.2d 285, 291 (Haw. 1978); *see also Masaki v. Gen. Motors Corp.*, 780 P.2d 10, 82 (Haw. 1989).   Here, the court finds that there are no allegations in the complaint establishing that defendants acted with malice.  Although Plaintiff stated that the aforementioned acts of the defendants were wanton and malicious, his allegations are conclusory in nature and, thus, are insufficient to state a claim for punitive damages.  *See Iqbal*, 129 S.Ct. at 1950.

The undersigned previously granted Plaintiff leave to amend his complaint with directions as to curing the deficiencies.  The Court now finds that it is legally certain from the face of the pleadings that the Plaintiff cannot recover the jurisdictional amount and that the Plaintiff's claim for punitive damages is not sufficient for the purpose of conferring jurisdiction.  Plaintiff may wish to pursue his action in a state court charged with the requisite jurisdiction.  Accordingly,

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**RECOMMENDATIONS**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed** for lack of federal jurisdiction.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S.140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of August, 2014.


GEORGE FOLEY, JR.
United States Magistrate Judge